UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:                                                                                            Case No. 8:19-bk-04971

GATEWAY RADIOLOGY
CONSULTANTS P.A.                                                                  Chapter 11

      Debtor.
_____/

**UNITED STATES' LIMITED OBJECTION TO DEBTOR'S
EMERGENCY MOTION TO BORROW PPP LOAN**

The United States of America (the "United States"), on behalf of the Small Business Administration ("SBA"), objects to Debtor's *Emergency Motion to Borrow PPP Loan* (Doc. No 238) (the "Motion" or "Mot.").

As an initial matter, the United States objects to the extent that any proposed order may purport to grant relief on claims that are not properly before the Court, not within the Court's subject matter jurisdiction or for which there is no sovereign immunity waiver permitting a claim for such relief against the SBA.

In its Motion, Debtor requests that this Court enter an order pursuant to 11 U.S.C. § 364(b) authorizing the Debtor to borrow $527,710 under a new SBA loan and guarantee program titled the "Paycheck Protection Program" or "PPP," enacted as part of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

The United States has no objection to the Debtor obtaining post-petition financing, or to this Court's entry of a narrowly tailored order generally authorizing the debtor to apply for such post-petition financing. However, the United States objects to the entry of a post-petition

financing order that may be presumed to require the SBA to guarantee funds that appear to have been inappropriately obtained pursuant to the PPP.

The PPP excludes bankrupt debtors from obtaining a PPP loan. . The PPP Borrower Application Form (the "PPP Application") requires the borrower to certify, among other things, that it is not a debtor in bankruptcy in order to obtain a PPP loan.  A copy of the PPP Application is available at https://www.sba.gov/sites/default/files/2020-04/PPP-Borrower-Application-Form-Fillable.pdf.  The first question on the form asks:  "Is the Applicant or any owner of the Applicant . . . presently involved in any bankruptcy?"   Just above Question one, Form 2483 states:  "If questions (1) or (2) below are answered "Yes," the loan will not be approved."  *Id.*

The SBA explained the exclusion in the Fourth Interim Final Rule implementing the PPP:

> *4. Eligibility of Businesses Presently Involved in Bankruptcy Proceeding.*
>
> *Will I be approved for a PPP loan if my business is in bankruptcy?*
>
> No.  If the applicant or the owner of the applicant is the debtor in a bankruptcy proceeding, either at the time it submits the application or at any time before the loan is disbursed, the applicant is ineligible to receive a PPP loan.  If the applicant or the owner of the applicant becomes the debtor in a bankruptcy proceeding after submitting a PPP application but before the loan is disbursed, it is the applicant's obligation to notify the lender and request cancellation of the application.  Failure by the applicant to do so will be regarded as a use of PPP funds for unauthorized purposes.
> The Administrator, in consultation with the Secretary, determined that providing PPP loans to debtors in bankruptcy would present an unacceptably high risk of an unauthorized use of funds or non-repayment of unforgiven loans.  In addition, the Bankruptcy Code does not require any person to make a loan or a financial accommodation to a debtor in bankruptcy.  The Borrower Application Form for PPP loans (SBA Form 2483), which reflects this restriction in the form of a borrower certification, is a loan program requirement.  Lenders may rely on an applicant's representation concerning

      the applicant's or an owner of the applicant's involvement in a bankruptcy proceeding.

Fourth Interim Final Rule. 85 Fed. Reg. at 23,451.

      The Debtor may have improperly obtained a PPP loan.  On May 28, 2019, the Debtor filed for bankruptcy under Chapter 11 of the Bankruptcy Code.  Notwithstanding its pending bankruptcy, the Debtor did not disclose the bankruptcy on its PPP Application.  On May 21, 2020, the undersigned received from Debtor's counsel a copy of the Debtor's PPP Application, which is attached as Exhibit A.  In the PPP Application, Debtor responded "No" to Question 1 that inquired whether Debtor was "presently involved in any bankruptcy."  Ex. A.  Thus, the documentation and information provided by the Debtor indicates that it applied for and obtained the PPP loan after filing for bankruptcy, in contravention of PPP guidelines.

      Whether the Debtor incorrectly completed Form 2483 accidentally or with fraudulent intent is not properly before this Court or appropriate for this Court to determine.  However, it appears that if Debtor accurately completed the PPP Application, Debtor would not have obtained a PPP loan.  Given the fundamental question about the Debtor's eligibility and the Debtor's certifications that seem to have resulted in the PPP loan, and given that Congress gave SBA authority in the CARES Act to set the terms and conditions on which the PPP loans are issued, it is particularly important in this case for the Court to acknowledge the authority of SBA or other governmental enforcement agencies to determine in the first instance whether the PPP loan should not have been granted.

      The United States objects to the Motion insofar as it seeks an Order that the Debtor is eligible to participate in the PPP, entitled to loan forgiveness, or that SBA must guarantee the Debtor's loan.  This Court has no jurisdiction or basis to adjudicate these issues and should

not override override any SBA authority to decide, now or later, if the loan was improvidently granted.  If the Court decides to grant the Motion, the United States requests the inclusion of the following language: "Nothing in this Order shall be construed as requiring or otherwise compelling SBA to approve the loan or to have made any ultimate determination of underlying eligibility, forgiveness, or application of the guarantee."

Dated: May 26, 2020

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

*/s/ Christopher J. Emden*
CHRISTOPHER J. EMDEN
Assistant United States Attorney
USA No. 158
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:	(813) 274-6000
Facsimile:	(813) 274-6198
E-mail:	Christopher.emden@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 26, 2020, a copy of the foregoing was filed with the Court using the Court's CM/ECF filing system, which will send an electronic notice of filing to the following:

Joel M. Aresty, Esq.
aresty@mac.com

United States Trustee
Denise E. Barnett
Denise.barnett@usdoj.gov

United States Trustee
USTPRegion21.TP.ECF@usdoj.gov

                                               */s/ Christopher J. Emden*
                                               CHRISTOPHER J. EMDEN
                                               Assistant United States Attorney